# Writ of CERTIORARI

December 11, 2015
61,170-04

Texas, Petitioner, Tyrone Richard V. William Stephens, Director

Texas Department of Criminal Justice-Correction Institution

RECEIVED IN
COURT OF CRIMINAL APPEALS

DEC 17 2015

Abel Acosta, Clerk

NO: 4:15-CV-00296. Supreme Court of The United State

## Pendent Jurisdiction

Tyrone Richard Petitioner's seek review of a judgment of conviction, notwithstanding the limitations of federal question jurisdiction, however he rely(s) upon both federal and nonfederal grounds for the relief sought in this complaint and/or petition. Thus, where he joins a federal claim with a state claim based on closely related or identical conduct of his action, the federal courts has jurisdiction to hear and determine the state law claims as well as those arising under federal law. See black law dictionary. "Jurisdiction is proper in this court."

## I Claims And Allegations

Tyrone is underlawfully detained in the Texas Department of Criminal Justice-Institutional Division ("TDCJ-Id") serving a 30-year term for possession of a controlled substance, crack-cocaine. State V. Richard, NO 1336434-1336435; 1357776; CASE NO. 133643501010, Incident no ITRN: 9167423272A001 (180Th Dist. Ct., Harris County, Tex. Oct. 16, 2012), aff'd, Richard V State, No. 01-12-00995-CR, 2013 WL 3155957 (Tex.App.-Houston [1st Dist.] June 20, 2013, pet. ref'd). He submits three federal and/or state question's and alleges that the indictment or information is "void for vagueness; (2) the prosecution prepared October 16, 2012, was barred by principles of double jeopardy and should not of been Formed for sentencing or punishment And; (3) Houston Police Officer's conducted unlawful searches of Tyrone, a automobile he was not operating; And

A occupant in such automobile which resulted in a forfeiture of four thousand eight hundred and eighty seven dollars ($4,887.00) (complaint, Docket Entry No. 1, p.4). Likewise, see Issue Record No. 44410-2013.

## II. Analysis or Reason for Review or Same

Tyrone believes that flaws in the indictment, information, and or complaint were supposingly objected to prior to trial and the "attorney of record" was liable for not motioning the trial court to "quash" the charging instrument. "Tyrone does not argue that he did not object to the irregularity(s) and/or substance of the indictment or information; he ~~was~~ merely contends that the attorney of record was obligated to move the trial court to "quash" the charging instrument being that it was fatally defective whereas it did not provide a engraved five-pointed star-seal; (2) did not name or describe "Tyrone" or convicted a image and not "Tyrone" flesh and blood; ~~#~~ (3) it allege an impossible date (the date of the complaint superseded the date of the indictment or information); (4) the offense for which "Tyrone" was charge with was barred by statute of limitation; and (5) the requirements of Art. 21.02 was not met because the judgment and conviction form was not set forth in plain and intelligible language and it was not signed by legal authority nor did it identify any penal statue for which "Tyrone" status offense were characterized. See Duron v. State, 956 S.W. 2d 547 (Tex. Crim. App. 1977); Art. V, section 12 of the Texas Constitution; Texas Government Code-Title 2, 51.301(d). Notwithstanding those facts. "Tyrone should not of been judged or convicted of such offense under chapter 481, Health and Safety code, upon the Testimony or confession of any individual who is acting covertly on behalf of Law Enforcement Agency or under the Color of Law. Art. 38.141."

## Issues to be Discussed

In "Tyrone" first objection, he asserts that: "All State crimes are not federal crimes", "A sin that violates a federal law is a federal sin", and Technically and/or Legally, the U.S. government is a corporation.

There is no clause of the Federal Constitution that requires the State to begin any of its criminal prosecution by grand jury indictment, but there is no doubt that the due process clause of the fourteenth Amendment does require a person to be informed of the nature and cause of the accusation against him/her for such is fundamental to a fair hearing. Hurtado V. People of California 4 S.CT. 111, 292, 110 U.S 516, 28 L. Ed. 232 (1884).

The indictment, information, complaint and judgment form are "structurally" "formulated" and its image creates a substantial output to the lawfulness of "Tyrone" endless confinement. Texas Constitution, Article 1 section 10 States that a judgment of conviction for a evil is void unless the conviction was obtained by the due course of law of the land. Gentry V. Texas Department of Public Safety 1964. Same case at 386 S.W. 2d 758; cited in dissenting Opinion at 399 S.W. 2d 180; 413 S.W. 2d 804; 462 S.W. 2d 376 (Headnote 9). A person should not be compelled to incur the lost of liberty for an sin within nature without notice and a meaningful opportunity to defend him or herself. Gutierrez V. State (App. 3 Dist 1999) 8 S.W. 3d 739 Constitutional Law. However perverse; "Tyrone" understanding, believes he were not suppose to be tried for any collateral infringment or for being sinful generally. Berry V. State (CR. app. 1979) 588 S.W. 2d 932; Thompson V. State (cr. app. 1981) 612 S.W. 2d 925; Rubio V. State (CCR. App. 1980) 607 S.W. 2d 498.

Nevertheless; our State Constitution cannot subtract from a right guaranteed

from the Federal Constitution, but it can provide additional rights to their people and/or citizens. See Houston Chronicle Public Company v. Crapitto (App. 14 Dist 1995) 907 S.W. 2d 99; regardless of these ordinance, the federal constitution sets a floor for a persons or individual right while a State Constitution establishes a ceiling for such person privilege or interest or same. Constitutional Law 82(1); Houston Chronicle Pub. Co. v. Crapitto (App. 14 Dist. 1995) 907 S.W. 2d 99.

Although "Tyrone" was uninformed of the State misapplication of fiduciary property, he did however, attach to his state writ application a copy of his indictment with the printed words "Defendant Exhibit A 'Void Indictment.'" Likewise, he alarmingly associated his importance and or interest with Court of Criminal Appeals, Clerk Abel Acosta. (August 02, 2014)

### Issue Preclusion

Despite of "Tyrone" preposition and plea of former jeopardy, to inform our State Court that his second prosecution (1357776/1336435) was inaccurate; a controlling agency domination arises when a court or **Justice** has done some act that the United States Constitution will forbid it to deny or where circumstances are such that a common law will not permit a certain argument because it would lead to an unjust result. In this context of **CONTRACT** Law, for example, the trial court is barred from denying existence of a binding **contract** where it has done-done something intending that "Tyrone" counted upon its conduct, and the result of the dependentcy were detrimental to his livelihood. Looking at it from a pure window-standpoint: "A trial court convinces an accomplice to sign what appears to be a valid contract which gives the accomplice the privilege to waive Felony information. When the

page 4

CONTRACT turns out to damage the trial court more than the accomplice, the trial court tries to deny the validity of the instrument. 'This court must find that at the time of "Tyrone" trial, October 10, 2012, the trial court was estopped (i.e., prevented) from raising its claim since it was the trial court who initiated the offer.'"

Under Article 27.05, "Tyrone's" special plea that he had already been prosecuted for the same or different offense arising out of the same criminal episode which was or should have been consolidated into one trial, and that the former prosecution: (1) resulted in acquittal (or as in Texas dismissal); (2) resulted in conviction; (3) was improperly terminated; or (4) was terminated by a final order or judgment for such person and that necessarily required a determination inconsistent with a fact that must be established to secure conviction. This is collateral estoppel.

A plea must be verified by affidavit of a defendant, and all issues of fact can be presented to the trier of fact. Article 27.06 and 27.07. These are specifically listed in Article 28.01 as must be filed with pretrial motions. (Not to mention "Tyrone" was denied due process of law in the course of pretrial discovery where he was denied to attend). [See Kentucky V. Stincer 107 S.CT 2658 (1987)]. If the Judge does not grant on legal grounds, any factual dispute can than be submitted to the jury. "No facts were disputed in this case".

Double Jeopardy is prohibited in the U.S. Constitution, Amendment V. and XIV. and in Texas Constitution, Article I, Section 14. Because this involves constitutional issues, a violation of a State Statute that requires such motion be filed at a certain time, should not prevent subsequent consideration of these subjective issues.

Jeopardy attached in "Tyrone" trial when the jurors were inpaneled and sworn and when the State first witness was sworn. Crist V. Bretz, 437 U.S. 28, 98 S.CT. 2156 (1978).

To determine whether the State (Trial Court) attempted to punish Tyrone multiple or twice for the same offense, this court must examine each of the statutes to dictate whether each requires proof of an additional element that the other does not. This is known as the Blockburger test. Blockburger v. U.S., 284 U.S. 299, 52 S.CT. 180 (1932), readopted in U.S. v. Dixon, 509 U.S. 688, 113 S.CT. 2849 (1993) - Shepard's Federal Citation, 1993 U.S. App Lexis 38 484 followed by 1993 U.S. App. Lexis 39224; 1994 U.S. App. Lexis 41159 followed by 1994 U.S. App. Lexis 41612, followed by 1995 U.S. App Lexis 43264, 1995 U.S. App Lexis 43482 737 F.3d 67; 555 Fed Appx 318 followed by 559 Fed App X 269.

### III Illegal Search and Seizure

"Tyrone was not allowed instruction on probable cause where the facts pertaining to existence of probable cause were not 'indispute'. Tyrone wanted to contest only facts pertaining to reasonable of his arrest and/or officer's certitude that he had violated the rules of the road; not hearsay information conveyed in his circumstance".

For several reasons, he reject the state's argument. First, the state seriously undervalues the privacy interest at stake. Although she/it have recognized that a motorist's privacy interest in his/her vehicle is lest substantial than in his/her home. See New York v. Class, 475 U.S. 106, 112-113, 106 S.CT. 960, 89 L.Ed. 2d 81 (1986), the former interest is nevertheless important and deserving of constitutional protection, see Knowles, 525 U.S. at 117-119 S.CT. 484, 142. Ed 2d 492. It is particular significant that Belton searches authorize police officers to search not just the passanger compartment but every "purse", "body" or other belonging or container within that space. A rule that gives police ultimate power to conduct such a search whenever there is no basis

for believing evidence of the offense might be found in the vehicle, creates a serious and recuring threat to the privacy of countless individuals. Indeed, the character of that threat implicates the central concern underlying the forth amendment - the concern about giving police officers unbridled discretion to rummage at will among a person's private effect. See Maryland V. Garrison, 480 U.S. 79, 84 107 S.CT. 1013, 94 L. Ed. 2d 72 (1987); Chimel 395 U.S., at 760-761, 89 S.CT. 2034, 23 L. Ed. 2d 685; Stanford V. Texas, 379 U.S 476, 480-484, 85 S.CT. 506, 13 L.Ed. 2d 431 (1965); Weeks V. United States, 232 U.S. 383, 389-392, 34 S.CT. 524, 29 L. Ed. 746 (1886); See Also 10 C. Adams, the work of John Adams 247-248 (1856). "Many have observed that a broad reading of Belton gives police limitless discretion to conduct exploratory searches. See 3 LaFave § 7.1 (c), at 527 (observing that Belton creates the risk" That police will make custodial arrest which ~~other~~ they otherwise would not make as a cover for a search which the fourth amendment otherwise bans"'); see also United States V. Mclaughlin, 120 F. 3d 889, 894 (CA9 1999) Trott, J., concurring) (observing that Belton has been applied to condone "purely exploratory searches of vehicles during which officers with no definite objective or reason for the search are allowed to rummage around in a automobile to see what they might find"); State V. Pallone, 2000 WI 77, PP 87-90, 236 WIS. 2d. 162, 203-204, 613 N.W. 2d 568, [*** 24] and N.9, 2000 WI 77, 236 Wis. 2d. 162, 613 N.W. 2d 568, 588 and N.9 (2000) (Abrahamson, C.J., dissenting) (same); State V. Pierce, 136 N.J. 184, 211, 642 A. 2d. 947, 961 (1994), See Gant, 129 S.CT. 1710; 173 L. Ed. 2d 485; 2009 U.S. Lexis 3120

In Gant cartoon, Arizona authority arrested him and placed him in the back of patrol vehicle. While searching the vehicle, Gant was driving, officers recovered narcodic(s) discovered, between the seats

underneath a jacket detected inside a car. No drugs were found on Rodney Gant and he was secured, in police patrol car at the time of officers search of his vehicle. The Supreme Court in ARIZONA determined that since Gant did not have anyway to retrieve any weapon, officers search was not reasonable within the content of the fourth amendment protection.

Tyrone contention depends on those finding(s) before the Supreme Court in ARIZONA. Just as in Gant situation, Tyrone was in under arrest inside a patrol vehicle, with no possible way of retaining any weapon which he may had camouflaged. No narcotic(s) were found on his person nor in his immediate area upon officers conducted their vigorous search without consent.

Extrajudicially, an officer may breifly detain and question a driver or passenger of a vehicle if he has a reasonable suspicion that the occupants are involved in criminal activity following a lawful stop and a officer may as "A matter of course" order a driver and any passenger to step out of a vehicle even without any particularized suspicion that such automobile or occupants are armed or may otherwise pose a threat to those officers.

The question of law in this aspect, was at that time: During the "course" of officers Traffic or Investigatory stop; "Did they request Identification and/or proof of registration?" This is decisive to the instant case since, the vehicle in question could of belong to a well known drug king pin, who was at that time incarcerated and who may have concealed narcotic(s) in that vehicle before it was connected to Tyrone. Notwithstanding that the automobile on the reporter records (Green 2001 Ford Taurus with a VIN#: 1FAFP53U31A144631), is not matching The Green 96 Mercury Grand Marquis with a VIN#: 1FAFP53U31A144631's and registered on Texas-Houston (DMV) database and forensically supports Tyrone ownership.

Page 8

Conclusively, a search made by an unauthorized individual upon no source of consent constitute an unreasonable search and seizure however; a record that contains false information and ~~does~~ does not illustrate accurate issues is deliberately ANNUL! "Barron's Dictionary of Legal Terms Fourth Edition. The State never did provide exculpatory or inculpatory evidence [police dash camera] in order to fairly challenge the validity of the search and seizure. IBID. Furthermore; it avoided plausible issues [Incident No. 01661112-J] which would of supported or contradicted its burden of proof. No canine unit appear on the scene and "Miranda warnings are absent on any documentation before you!" Therefore, inclusion of these determinant(s) in the State case, the probative facts of its dynamic awareness does not substantiate the weight given to the opposition or opinions and the judgment of conviction should be rendered VACANT.

## Prayer for Relief

Tyrone respectfully prays that the Supreme Court of Criminal Appeals review his case and after careful re-examination reverse his judgment of conviction remanding his case back to its proper venue and render an order for acquittal or in the alternative remand his case back to local jurisdiction for a new trial on the facts of his case and/or punishment-sentence. Tyrone further request consideration of any and all such other relief to which he may be legally and justly allowed.

## Certificate of Service

I, Tyrone Richard hereby certify that a true and correct copy of this Petition was served upon the State Clerk of Travis County, Texas; on this 11 day of December, 2015, by mailing a copy to the

Supreme Court of Error Bldg, 201 W 14TH Street, room 106, Austin, Texas 78701-1445

## Certificate of Filing

I further hereby certify that the original copy of the foregoing Petition and Appendix were sent by U.S. Postal to the Supreme Court on December 11, 2015.

Tyrone Richard

## Unsworn Declaration

" I draw this announcement in accordance of V.T.C.A. Civil Practice and Remedies code, § 132.001-132.003.

My name is Tyrone Dwyane Richard, my date of birth is November 08, 1970 and my State Identification Number is: 03476986.2, 03980520 I am presently pretensed in George John Beto 1 Facility in Tennessee Colony, Texas or Anderson County, Texas (903-928-2217). I declare under penalty of perjury that the information contained in this chronicle is true and correct and were not subject of disclosure at trial October 08-16, 2012. I likewise confirm that the foregoing indicator is true and correct pursuant with 28 U.S.C. 1746.

Executed on this 11TH day of December 2015

Tyrone Richard

NO. PD-0988-13

# TO THE SUPREME COURT OF CRIMINAL APPEALS
# FOR THE STATE OF TEXAS

TYRONE DWYANE RICHARD

Petitioner / Plaintiff

RECEIVED IN
COURT OF CRIMINAL APPEALS

DEC 17 2015

Abel Acosta, Clerk

V.

STATE OF TEXAS

Respondent

DIRECTOR TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS
DIVISION

---

## PETITIONER'S PRO SE PETITION FOR DISCRETION
## REVIEW IN THE INTEREST OF JUSTICE

---

Tyrone D. Richard
SID: 034769862
Pro So Litigant
George John Beto Unit 1
1391 FM 3328 Route 0128
Tennessee Colony Texas 75880